JANET M. HEROLD, Regional Solicitor
SUSAN SELETSKY, Chief Counsel for FLSA Litigation
BENJAMIN R. BOTTS (CSBN 274542)
JESSICA M. FLORES (CSBN 294060)
Trial Attorneys
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Telephone (415) 625-7767
Fax (415) 625-7772
botts.benjamin.r@dol.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT AND THE FAIR LABOR STANDARDS ACT OF 1938** |
| VALLEY GARLIC, INC., dba SEQUOIA PACKING CO., a California corporation; CHRISTIAN BARRERE MARRIONE, an individual; DAVID CLARK ANDERSON, an individual; X-TREME AG LABOR, INC., a California corporation; ISABELLA ALVAREZ CAMACHO, an individual; OFELIA RAMIREZ MORALES, an individual; and CESAR NERI, an individual, | |
| Defendants. | |

1     Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor

2  alleges as follows:

3                         **JURISDICTION**

4     1.    The Court has jurisdiction under sections 16(c) and 17 of the Fair Labor

5  Standards Act of 1938 (FLSA), 29 U.S.C. §§ 216(c), 217; § 502(a) of the Migrant and Seasonal

6  Agricultural Worker Protection Act (MSPA), 29 U.S.C. § 1852(a); 28 U.S.C. § 1331 (federal

7  question); and 28 U.S.C. § 1345 (United States as plaintiff).

8                         **VENUE**

9     2.    Venue is proper under 28 U.S.C. § 1391, as all defendants reside in this district

10  and a substantial part of the events or omissions giving rise to the claim occurred in this district,

11  specifically in Merced and Fresno Counties.

12               **NATURE OF THE ACTION**

13     3.    The Secretary is charged with enforcing MSPA to "assure necessary protections

14  for migrant and seasonal agricultural workers," by enforcing, among other things, vehicle safety

15  standards, registration and licensing requirements for the Farm Labor Contractors ("FLCs") that

16  supply agricultural workers to growers, and recordkeeping and disclosure rules.  29 U.S.C. §

17  1801.  Likewise, Congress tasked the Secretary with enforcing the FLSA to eliminate "labor

18  conditions detrimental to the maintenance of the minimum standard of living necessary for

19  health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a).  Defendants Valley

20  Garlic, Inc., X-Treme Ag and the individual defendants who acted on these companies' behalf,

21  deliberately ignored MSPA's requirements, which serve to protect workers from unsafe and

22  unlicensed transportation to and from the fields.  These violations ultimately led to a van

23  accident that killed four of Valley Garlic's field workers.

24     4.    The Secretary brings this action under MSPA and the FLSA to enjoin Defendants

25  from continuing to put the lives of vulnerable agricultural workers, and others who share the road

26  with the vehicles transporting these workers, at risk.  An injunction is also necessary to prevent

27  Defendants from committing further violations of MPSA's recordkeeping and disclosure

28

provisions, and to ensure that they pay all wages owed to their migrant and seasonal agricultural workers under MSPA and the FLSA.[1]

### PARTIES

5.      Plaintiff Thomas E. Perez is the United States Secretary of Labor.

6.      Defendant Valley Garlic, Inc. dba Sequoia Packing Co. ("Valley Garlic") is a California Corporation with an office and place of business at 500 Enterprise Parkway, Coalinga, CA 93210, within the jurisdiction of this Court, where it operates a garlic processing and packing plant. Valley Garlic is engaged in the business of planting, growing, harvesting, processing and packing garlic in California for sale throughout the country. It sells all of the garlic it produces and processes to Spice World, Inc. of Orlando, Florida, the self-described largest supplier of garlic to supermarkets in the United States. Both Spice World and Valley Garlic are owned by the Caneza family and Gary Caneza serves as President of both companies.

a.      As detailed in Paragraphs 20-21, below, Valley Garlic is an employer of the field workers in this case under MSPA and the FLSA and is an "agricultural employer" under MSPA.

b.      In addition, Valley Garlic at all relevant times has employed employees engaged in commerce, in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person under Sections 3(b) and (j) of the FLSA, 29 U.S.C. §§ 203(b) and (j).

c.      Valley Garlic is and at all relevant times was an enterprise under Section 3(r) of the FLSA, 29 U.S.C. § 203(r), because it operates and has operated for a business purpose, specifically, planting, harvesting, processing, packing and selling garlic.

---

[1] Because irreparable harm to agricultural workers and the public is likely to result from (a) Valley Garlic's further violations of MSPA's requirement that agricultural employers take reasonable steps to ensure their FLCs do not unlawfully transport workers, and (b) X-Treme Ag's further violations of MSPA's prohibition on unlicensed transportation of agricultural workers, the Secretary is concurrently filing a motion for a preliminary injunction on these issues.

1

2

3

4

5

6

7

8

        d.      Valley Garlic is and at all relevant times was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).  Specifically, at all relevant times, Valley Garlic's employees regularly and recurrently handled or otherwise worked on goods moved in or produced for commerce, including but not limited to garlic and tools used in garlic cultivation; and Valley Garlic's annual gross volume of sales made or business done was not less than $500,000.  All of the garlic Valley Garlic produces is sold to Spice World, Inc., which in turn distributes the garlic in fresh and processed form for sale throughout the United States.

9

10

11

12

13

14

15

16

17

18

        7.      Defendant Christian Barrere Marrione, an individual, resides in Visalia, CA, in the jurisdiction of this Court.  Marrione is the general manager of Defendant Valley Garlic, and in that capacity has the authority to enter into contracts on behalf of Valley Garlic, establish the company's policies and practices with respect to employees and FLCs, and set the terms and conditions of employees' employment.  Acting as an agent for Valley Garlic, Marrione signed one of the contracts between Valley Garlic and X-Treme Ag for the 2015 garlic season.   In addition, Marrione is and at all relevant times was an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the field employees of Valley Garlic, as he acts directly or indirectly in the interest of Valley Garlic in relation to its employees.  He is also an "agricultural employer" under MSPA as detailed in Paragraph 22, below.

19

20

21

22

23

24

25

26

        8.      Defendant David Clark Anderson, an individual, resides in Hanford, CA, in the jurisdiction of this Court.  Anderson is the field manager of Defendant Valley Garlic, and in that capacity, oversees and supervises the field labor performed by Valley Garlic employees, including employees recruited and hired by FLCs, and establishes the terms and conditions of employees' work, including but not limited to setting work hours and dates, establishing pay rates, approving compensation, and determining the method and manner of field work to be performed.  Anderson is also responsible for securing and setting the terms of Valley Garlic's contracts with FLCs—including X-Treme Ag—and with the landowners that provide farmland

27

28

for the cultivation of Valley Garlic's garlic crop.  Acting as an agent for Valley Garlic, Anderson signed one of the contracts between Valley Garlic and X-Treme Ag for the 2015 garlic season. In addition, Anderson is and at all relevant times was an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the field employees of Valley Garlic, as he acts directly or indirectly in the interest of Valley Garlic in relation to its employees.  He is also an "agricultural employer" under MSPA as detailed in Paragraph 22, below.

9.      Defendant X-Treme Ag is a California corporation with an office and place of business located at 441 S. Madera Ave. Suite E, Kerman, CA 93630, within the jurisdiction of this Court, where it operates a business as an FLC.   X-Treme Ag performs, and at all relevant times performed, FLC activities, including recruiting, soliciting, hiring, employing, furnishing, and transporting migrant and seasonal agricultural workers, and as such is an FLC under MSPA § 3(7), 29 U.S.C. § 1802(7).  In addition, X-Treme Ag is and at all relevant times was an employer under the FLSA in relation to the employees it recruited to work for Valley Garlic.

10.     Defendant Isabella A. Camacho, an individual, resides in Kerman, CA, within the jurisdiction of this Court, and is the president and 100% shareholder of Defendant X-Treme Ag. Camacho at all relevant times performed FLC activities, including recruiting, soliciting, hiring, employing, furnishing, and transporting migrant and seasonal agricultural workers, and as such is an FLC under MSPA § 3(7), 29 U.S.C. § 1802(7).  In addition, Camacho at all relevant times was an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees X-Treme Ag recruited to work at Valley Garlic, as she acts directly or indirectly in the interest of X-Treme Ag in relation to its employees.

11.     Defendant Ofelia Ramirez Morales ("Ramirez Morales"), an individual, resides in Merced, CA, within the jurisdiction of this Court, and at all relevant times was an employee of and crew leader for X-Treme Ag and Camacho.  Ramirez Morales at all relevant times performed FLC activities, including recruiting, soliciting, hiring, furnishing, and transporting migrant and seasonal agricultural workers, and as such is an FLC under MSPA § 3(7), 29 U.S.C. § 1802(7).

12.     Defendant Cesar Neri, an individual, resides in Merced, CA, within the jurisdiction of this Court, and at all relevant times was an employee of X-Treme Ag and Camacho.  Defendant Neri at all relevant times performed FLC activities, including transporting migrant and seasonal agricultural workers, and as such is an FLC under MSPA § 3(7), 29 U.S.C. § 1802(7).

**VALLEY GARLIC CAUSED THE UNLAWFUL TRANSPORTATION OF ITS FIELD WORKERS AND FAILED TO TAKE REASONABLE STEPS TO PREVENT IT**

13.     Valley Garlic contracted Camacho doing business as X-Treme Ag Labor and with X-Treme Ag Labor, Inc. to supply workers for Valley Garlic's garlic harvesting and planting operations for the 2015 garlic season.

14.     Although Valley Garlic's contracts with Camacho and X-Treme Ag purported to prohibit X-Treme Ag from transporting workers for Valley Garlic, because the workers X-Treme Ag recruited lived a considerable distance from the Valley Garlic fields, X-Treme Ag crew leaders drove or arranged transportation of the workers to and from the fields.  The crew leaders who drove or arranged transportation for their crewmembers included at least Ofelia Ramirez Morales, Nestor Leon, Jorge Hernandez, Carlos Carbajal, Martin Cuahutenango, Hector Ramirez and Pedro Torres.   These crew leaders generally charged each worker a daily transportation fee of approximately $10.

15.     In or around June 2015, Ramirez Morales, working as an agent of Camacho, X-Treme Ag and Valley Garlic, recruited workers in Merced, CA to work in the Valley Garlic harvest in Gilroy, CA.  Ramirez Morales organized the transportation of these workers in vehicles driven by Defendant Neri (her boyfriend), her daughter Laura Ramirez, and at least one of the crew members she recruited, and charged the workers a daily transportation fee of approximately $10.  Neither Neri nor Ramirez had a valid driver's license.

16.     On June 18, 2015, Ramirez Morales instructed Enrique Franco, a field worker she had recruited to work for Valley Garlic, to drive himself and seven other employees from

Merced to the Valley Garlic worksite in Gilroy, and back to Merced again, in a white Chevrolet van owned by and registered to Neri.   At least one of the doors of the van did not function properly and could not be opened from the outside.  Further, Ramirez Morales instructed Franco to drive the van even though Franco did not have a valid driver's license.  Franco drove himself and seven other workers from Merced to the Valley Garlic worksite in Gilroy, and on the return trip to Merced, on June 18, 19, and 20, 2015.

17.     On the return trip from Gilroy to Merced on June 20, 2015, Franco lost control of the van on California State Highway 152 between Los Banos and Chowchilla and crashed.  The van flipped over multiple times.  Several of the passengers were not wearing seatbelts.  Six were ejected from the van in the accident.  Three workers—sixteen-year-old Corrine Dominique Palacios, Maria Acevedo Cisneros, and Christina Bautista Dalton—died on site, and one—Maria Silva—died less than a week later from injuries sustained during the accident.  Franco, the driver, and the three remaining passengers sustained non-fatal injuries.[2]

18.     Valley Garlic caused this unlawful transportation to be provided to the field workers X-Treme Ag recruited and hired because transportation was a necessary element of the job.  Specifically, the workers lived long distances from the garlic fields, the fields were far from public transportation, and many of the workers did not have a car or driver's license.

19.     Additionally, Valley Garlic failed to take reasonable steps, either before or after the June 20, 2015 accident, to ensure X-Treme Ag and Camacho, or any of their agents, did not provide transportation to the migrant and seasonal agricultural workers to and from Valley Garlic's fields in violation of MSPA.  Specifically:

a.     Valley Garlic did nothing to enforce the provision of its contracts with X-Treme Ag purporting to prohibit worker transportation without Valley Garlic's written consent;

---

[2] Franco was not arrested or charged with any criminal offense.

b.      Valley Garlic did nothing to enforce the provision of its contracts with X-Treme Ag purporting to require X-Treme Ag to provide training to its supervisory employees regarding the no-transportation requirement, and no such training was provided by either X-Treme Ag or Valley Garlic;

c.      Valley Garlic's supervisors and "quality assurance / quality control" employees oversaw the work of the fieldworkers X-Treme Ag recruited all times during the workday, and stood in direct view of the vehicles, including vans, in which the workers were transported to the fields.  Nevertheless, Valley Garlic at no time questioned any fieldworker, FLC foreperson, or anyone else from X-Treme Ag, how the workers had been transported to the field;

d.      After the Secretary's investigator informed Valley Garlic through Defendant Marrione, the company's general manager, on June 23, 2015 that X-Treme Ag was unlawfully transporting field workers to and from Valley Garlic's fields, and that this unauthorized transportation had resulted in the death of four workers, Valley Garlic merely sent X-Treme Ag a one-page letter stating that X-Treme Ag was not allowed to transport workers under its contract with Valley Garlic;

e.      Defendant Marrione met with Defendant Camacho on June 26, 2016, a mere six days after the accident, and said nothing about the accident, the no-transportation rule, or any concern that X-Treme Ag had violated MSPA or terms of its contract with Valley Garlic;

f.      Valley Garlic neither terminated X-treme Ag's contract after learning of the accident nor took any other steps to ensure that its agricultural workers were transported safety in the future.  To the contrary, on June 26, 2015, Marrione renewed Valley Garlic's contract with X-Treme Ag to supply workers for Valley Garlic's harvesting work.  This contract was substantively identical to the original 2015 contract between Valley Garlic and Camacho doing business as X-Treme Ag signed in May 2015; and

g.      Valley Garlic neither undertook any investigation of X-Treme Ag or its managers for unlawfully transporting workers, nor questioned any fieldworker, FLC foreperson, or anyone else from X-Treme Ag, about how the workers had been transported to the field.

**AS A MATTER OF ECONOMIC REALITY, VALLEY GARLIC EMPLOYED THE WORKERS X-TREME AG SUPPLIED TO HARVEST VALLEY GARLIC'S CROP**

20.      As a matter of economic reality under MSPA and the FLSA, Valley Garlic employed the field workers and supervisors that X-Treme Ag and its agents recruited and transported to plant and harvest Valley Garlic's garlic crop, among other reasons, because:

a.      Valley Garlic had the power to direct or control, and did in fact direct and control, the work performed by employees whom X-Treme Ag recruited and transported to plant and harvest Valley Garlic's garlic, including but not limited to:

i.      Directing the required methods of garlic harvesting, including undercutting, windrowing, and clipping;

ii.      Overseeing the field during the garlic harvest through the constant presence of Valley Garlic supervisors and "quality assurance / quality control" employees;

iii.      Inspecting and instructing the correction of work performed by field workers during the harvesting process and at the completion of the harvest;

iv.      Directing the location of field work; and

v.      Setting the date and time of harvest work;

b.      Valley Garlic had the power to control employment conditions, and did in fact control employment conditions of the employees, including but not limited to setting employees' daily, hourly, and piece pay rates of pay;

c.      The tasks the employees performed in planting and harvesting Valley Garlic's garlic were repetitive, rote tasks that could be performed with minimal training;

d.      The work that the employees performed in planting and harvesting Valley Garlic's garlic was an integral part of its garlic farming and processing business;

e.      The employees performed their field work on land that Valley Garlic controlled, including maintaining an unrestricted right of entry to the farmland to plant, inspect, maintain and harvest Valley Garlic's crop, via contract with landowners;

f.      Valley Garlic provided tools and equipment used by the employees, including but not limited to clippers, garlic bins, tractors, planting implements, undercutting implements, and forklifts;

g.      The contracts between Valley Garlic and X-Treme Ag are form agreements that substantively identical (other than the location of work) to the contracts that Valley Garlic uses with all of the FLCs it hires to recruit and hire field workers; and

h.      The employees had no opportunity to increase their wages based on their managerial skill, but rather earned wages based solely on the hours they worked or the amount of garlic they clipped.

21.    Valley Garlic is, and at all relevant times was, an "agricultural employer," under § 3(2) of MSPA, 29 U.S.C. § 1802(2) because it: ran a farm and/or engaged in farming activities, including but not limited to planting and harvesting garlic; operated a garlic processing facility; and employed migrant and seasonal agricultural workers, as described in Paragraph 20, above.

22.    Defendants Marrione and Anderson are, and at all relevant times were, also "agricultural employers" under MSPA § 3(2) of MSPA, 29 U.S.C. § 1802(2), as individuals who operated a farm and processing facility and employed migrant and seasonal agricultural workers.

**DEFENDANTS VIOLATED MSPA**

<u>Failure to Take Reasonable Steps to Ensure</u>
<u>FLCs Perform Only Services for Which They Are Licensed</u>

23.    Defendants Valley Garlic, Marrione and Anderson have violated MSPA § 402, 29 U.S.C. § 1842, by utilizing the services of Defendants X-Treme Ag and Camacho to supply migrant and seasonal agricultural workers, while failing to take reasonable steps to ensure that X-Treme Ag and Camacho were only providing services for which they had a valid Certificate of

Registration from the Secretary.  Specifically, as described in Paragraph 19, above, Valley Garlic failed to take reasonable steps to ensure that X-Treme Ag, Camacho and their agents did not transport migrant and seasonal agricultural workers, an FLC activity for which they were not licensed.

Violations of Motor Vehicle Safety Requirements

24.     All Defendants have violated MSPA § 401(b)(1)(A)-(B), 29 U.S.C. §§ 1842(b)(1)(A)-(B) and 29 C.F.R. §§ 500.100(a) and 500.104  by using or causing to be used vehicles for the transportation of migrant and seasonal agricultural workers while failing to:

a.     Ensure that each driver providing transportation to migrant and seasonal agricultural workers had a valid and appropriate driver's license; and

b.     Ensure that motor vehicles used to transport migrant or seasonal agricultural workers conformed to MSPA's vehicle safety standards, including having properly-functioning door handles and latches.

Failure to Pay Wages When Due

25.     Defendants Valley Garlic, Anderson, Marrione, X-Treme Ag, and Camacho have failed to pay, when due, all wages owed to migrant and seasonal agricultural workers whom they employed in violation of MSPA §§ 202(a) and 302(a), 29 U.S.C. §§ 1822(a) and 1832(a), and 29 C.F.R. § 500.81.  Specifically, these Defendants:

a.     Failed to pay their migrant and seasonal agricultural worker-drivers for compensable time they spent driving other employees to and from Valley Garlic worksites;

b.     Failed to pay migrant and seasonal agricultural workers for time spent attending required safety meetings;

c.     Failed to pay employees paid by the piece the promised hourly rate when their piece rate earnings fell below the promised rate; and

d.     Acting through the crew leaders, required their migrant and seasonal agricultural workers to kick back approximately $10 of their daily wages for transportation to and from the worksite, in violation of MSPA §§ 202(b) and 302(b), 29 U.S.C. §§ 1822(b) and

1832(b).  These transportation fees were also prohibited under MSPA because they were not disclosed in writing to Defendants' migrant agricultural workers at the time of recruitment, nor were they listed on required itemized pay statements provided to Defendants' migrant and seasonal agricultural workers.  29 U.S.C. §§ 1821(a)(5) and (d)(2), 1831(c)(2).

### Violations of Recordkeeping and Disclosure Requirements

26.    Defendants Valley Garlic, Marrione, Anderson, X-Treme Ag and Camacho violated MSPA §§ 201(d)(1) and 301(c)(1), 29 U.S.C. §§ 1821(d)(1) and 1831(c)(1), and 29 C.F.R. § 500.80 by failing, with respect to each migrant and seasonal agricultural worker employed, to make, keep and preserve records of the worker's payroll, address and social security information.

27.    Defendants X-Treme Ag, Camacho and Ramirez Morales violated MSPA §§ 201(a) and (g), 29 U.S.C. §§ 1821(a) and (g) and 29 C.F.R. §§ 500.60(b), .75(b) and .78 by failing to disclose to each migrant agricultural worker, in writing in a language common to the worker, at the time of recruitment, the terms and conditions of employment; and

28.    Defendants X-Treme Ag and Camacho violated MSPA §§ 201(e) and 301(d), 29 U.S.C. §§ 1821(e) and 1831(d), and 29 C.F.R. § 500.60(a) by failing to provide to Valley Garlic, copies of the payroll records required to be retained under MSPA §§ 201(d) and 301(c), 29 U.S.C. §§ 1821(d) and 1831(c).

### Unlicensed FLC Activities

29.    Defendants X-Treme Ag, Camacho, Ramirez Morales and Neri have violated MSPA § 101(a), 29 U.S.C. § 1811(a), and 29 C.F.R. §§ 500.40 and 500.41 by providing, or causing to be provided, transportation to migrant and seasonal agricultural workers without a valid Certificate of Registration from the Secretary authorizing transportation services.

30.    Defendants X-Treme Ag and Camacho  have violated MSPA §101(b), 29 U.S.C. § 1811(b), by hiring, using, and employing Defendants Ramirez Morales and Neri, as well as other crew leaders, to perform FLC activities, including recruiting, soliciting, hiring, and

transporting migrant and seasonal agricultural workers, without an FLC or FLC employee Certificate of Registration from the Secretary authorizing those FLC activities.

**DEFENDANTS VIOLATED FLSA'S WAGE AND RECORDKEEPING PROVISIONS**

31.     The employees who performed Valley Garlic's 2015 garlic harvest were covered under the FLSA as employees engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 203(j) because they were employed in the production of garlic for sale and shipment throughout the United States.  Accordingly, the employees are entitled to payment of minimum wage by their employers under section 6(a) of the FLSA, 29 U.S.C. § 206(a).  All of the employees' employers are jointly and severally liable for back wages owed to the employees under the FLSA and MSPA.

32.     Defendants Valley Garlic, Marrione, Anderson, X-Treme Ag and Camacho violated the FLSA's minimum wage provisions, 29 U.S.C. §§ 206 and 215(a)(2), when they failed to pay their migrant and seasonal agricultural worker-drivers for compensable time they spent driving other employees to and from Valley Garlic worksites; failed to pay migrant and seasonal agricultural workers for time spent attending required safety meetings; and failed to pay their employees' wages "free and clear" when their migrant and seasonal agricultural workers had to kick back approximately $10 of their daily wages for transportation to and from the worksite.

33.     Defendants Valley Garlic, Marrione, Anderson, X-Treme Ag and Camacho violated the FLSA's recordkeeping provisions, 29 U.S.C. §§ 211 and 215(a)(5), and 29 C.F.R. § 516.2, when they failed to, among other things: keep records of all employees; record daily hours worked by all employees; record the compensable time employees spent driving other employees to and from Valley Garlic worksites; record the time migrant and seasonable agricultural workers spent attending required safety meetings; and record the deductions of approximately $10 per employee for daily transport.

1

## PRAYER FOR RELIEF

2      WHEREFORE, cause having been shown, the Secretary prays for a Judgment against

3   Defendants as follows:

4      (1)     For an Order pursuant to Section 17 of the FLSA permanently enjoining and

5   restraining Defendants, their officers, agents, servants, employees, and all persons acting in their

6   behalf and interest from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5)

7   of the FLSA, 29 U.S.C. § 215(a)(2) and (5); and

8      (2)     For an Order under Section 16 of the FLSA, 29 U.S.C. § 216, finding Defendants

9   Valley Garlic, Marrione, Anderson, X-Treme Ag and Camacho liable for unpaid minimum wage

10   compensation found by the Court to be due said Defendants' employees listed on Exhibit A to

11   the Complaint, plus an equal amount in liquidated damages; or, in the event liquidated damages

12   are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining said

13   Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and

14   interest from withholding payment of unpaid minimum wage compensation found due said

15   Defendants' employees and pre-judgment interest computed at the underpayment rate established

16   by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

17      (3)   For an Order under § 502 of MSPA, 29 U.S.C. § 1852, permanently enjoining and

18   restraining all Defendants and their officers, agents, servants and employees, from prospectively

19   violating MSPA sections 101,  201, 202, 301, 302, 401, and 402, 29 U.S.C. §§ 1811, 1821, 1822,

20   1831, 1832, 1841, and 1842, including the restraint of the continued withholding of unpaid

21   promised rate compensation due employees of Defendants Valley Garlic, Marrione, Anderson,

22   X-Treme Ag and Camacho, plus pre-judgment interest computed thereon;

23      (4)     Awarding the Secretary his costs of action;

24   //

25   //

26   //

27

28

COMPLAINT FOR VIOLATIONS OF MSPA & FLSA                              PAGE 14

1    (5)    Granting Secretary such other and further legal and equitable relief as may be

2  necessary and appropriate.

3

4                                      M. PATRICIA SMITH
                                       Solicitor of Labor
5
                                       JANET M. HEROLD
6                                      Regional Solicitor

7                                      SUSAN SELETSKY
                                       Chief Counsel for FLSA Litigation
8

9  Dated:  August 5, 2016        By: /s/Benjamin R. Botts
                                       BENJAMIN R. BOTTS
10                                     JESSICA M. FLORES
                                       Trial Attorneys
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

| Last Name | First Name |
|---|---|
| Ahuejote | Javier |
| Angeles | Jorge |
| Angeles | Juan |
| Antonio | Juana |
| Arguello | Brandy |
| Avila | Celia |
| Ayala | Jose Jesus |
| Ayala | Maria |
| Banos | Caritina |
| Barranca | David |
| Barranco | Gregoria |
| Barron | Aida |
| Barron | Eufemia |
| Beltran | Krystal |
| Berdejo | Antonia |
| Brown | Cornell |
| Carrasco | Cipriano |
| Carrasco | Exzai |
| Carrasco | Gonzalo |
| Carrasco | Jorge |
| Carrasco | Norma |
| Carrasco | Odalinda |
| Carrasco | Soledad |
| Castaneda | Dawin |
| Castillo | Rosa |
| Castro | Andres |
| Castro | Juan |
| Castro | Prisco |
| Castro | Rosalino |
| Castro | Vicenta |
| Castro Leon | Francisco |
| Ceja | Maricela |
| Chavez | Victor |
| Cirilo | Alberto |
| Cirilo | Amador |
| Cirilo | Andres |

| Last Name | First Name |
| --- | --- |
| Cirilo | Armando |
| Cirilo | Paul |
| Colon | Hector |
| Cortez | Jose |
| Cortez | Omar |
| Cruz | Alejandro |
| Cruz | Fidel |
| Cruz | Juan |
| Cuahutenango | Javier |
| Cuahutenango | Roman |
| Damian | Alfonso |
| Damian | Renato |
| De La Cruz | Fermin |
| Del Rocio | Maria |
| Dimas | Maria |
| Espinoza | Angelo |
| Flores | Victorina |
| Franco | Enrique |
| Gallardo | Jesus C. |
| Galvan | Daniel |
| Garcia | Basilides |
| Garcida Leon | Brigida |
| Gatica | Benito |
| Gatica | Gildardo |
| Gatica | Gustavo |
| Gomez | Marcelina |
| Gomez | Silvia |
| Gonzaga | Miguel |
| Gonzalez | Amador Alaniz |
| Gonzalez | Aurelio A. |
| Gonzalez | Delfino |
| Gonzalez Manriquez | Felipe |
| Gonzalez Vasquez | Daniel |
| Gracida | Andres |
| Gracida | Rogelio |
| Guzman | Aberardo |
| Guzman | Antonia |
| Guzman | Arnulfo |

| Last Name | First Name |
|---|---|
| Guzman | Matilde |
| Guzman | Miguel |
| Guzman | Sergio |
| Guzman | Teresa |
| Guzman | Uriel |
| Hernandez | Carlos |
| Hernandez | Cirilo |
| Hernandez | Genaro |
| Hernandez | Gilberto |
| Hernandez | Hugo |
| Hernandez | Jaun |
| Hernandez | Jesus |
| Hernandez | Juan |
| Hernandez | Laura |
| Hernandez | Manuel |
| Hernandez | Marcisco |
| Hernandez | Margarita |
| Hernandez | Mario |
| Hernandez | Petra |
| Hernandez | Zenon |
| Hernandez Jimenez | Eloy |
| Herrera | Espen |
| Juarez | Isabel |
| Juarez | Saturnina |
| Leon | Irene |
| Leon | Ismael |
| Leon | Juana B. Nasario |
| Leon | Micaelo |
| Leon | Nestor Nasario |
| Lopez | Domingo |
| Lopez | Geronimo |
| Lopez | Hermilo |
| Lopez | Juana |
| Lopez | Julia |
| Lopez | Moises |
| Lopez | Victoria |
| Maldonado | Elvira |
| Manriquez | Ana Yazmin T. |

| Last Name | First Name |
|---|---|
| Manriquez | Ismael |
| Marcias | Jesus |
| Mares | Jose |
| Martinez | Abelardo |
| Martinez | Martin |
| Martinez | Miguel Roberto |
| Martinez | Ramiro |
| Martinez | Santos |
| Martinez | Victor |
| Mejia | Miguel |
| Mendez | Jesus |
| Mendez | Victor |
| Mendoza | Alvaro |
| Mendoza | Aurelia |
| Mendoza | Fidencio |
| Mendoza | Juan |
| Mendoza | Marcelino |
| Morales | Catalina |
| Morales | Manuel |
| Morales | Mateo |
| Nasario | Nestor |
| Ortigoza | Leonardo |
| Ortiz | Israel |
| Ortiz | Telesforo |
| Pascual | Erika |
| Perez | Josefina |
| Pimentel | Maria |
| Pinula | Carlos |
| Quiroz | Carlos C. |
| Quiroz | Creceniano |
| Quiroz | Seberino |
| Quiroz Cruz | Fidel |
| Ramirez | Argenes |
| Ramirez | Arjeniz |
| Ramirez | Bulmaro |
| Ramirez | Fabiola |
| Ramirez | Pedro |
| Ramirez | Yzahu |

| Last Name | First Name |
|---|---|
| Ramirez Martinez | Vicente |
| Reyes Santiago | Pedro |
| Rincon | Ana Berta |
| Rodriquez | Ulises |
| Rojas | Noe |
| Rosales Torres | Efrain |
| Ruiz | Carmen |
| Ruiz | Rufino |
| Ruiz Quiroz | Rufino |
| Sanchez | Lidia |
| Santiago | Isabel |
| Santiago | Rosalva |
| Soto | Guillermo |
| Talabera | San Juana |
| Tapia | Cesar |
| Torres | Francisco |
| Tranquilino | Asencion |
| Tranquilino | Pablo |
| Tranquilino | Tomasa |
| Vasquez | Adriana |
| Vasquez | Altagarcia |
| Vasquez | Alvina |
| Vasquez | Irma |
| Vasquez | Jose Miguel |
| Vasquez | Juana |
| Vasquez | Margarita |
| Vasquez | Miguel F. |
| Vasquez | Sergio |
| Ventura | Eliazar |
| Ventura | Victor |
| Zaragoza | Olga Yolanda |
| Zeferino | Francisco |
| Zuniga | Edwin |