# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY GARLIC, INC., dba SEQUOIA PACKING CO., a California corporation; CHRISTIAN BARRERE MARRIONE, an individual; DAVID CLARK ANDERSON, an individual; X-TREME AG LABOR, INC., a California corporation; ISABELLA ALVAREZ CAMACHO, an individual; OFELIA RAMIREZ MORALES, an individual; and CESAR NERI, an individual,<br><br>Defendants. | CASE NO. 1:16-cv-01156-AWI-EPG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS OFELIA RAMIREZ MORALES AND CESAR NERI** |

## I. Introduction

The United States Secretary of Labor ("Plaintiff") initiated this action on August 5, 2016.

Doc. 1. All of the Defendants, other than Defendants Ofelia Ramirez Morales ("Defendant

Morales") and Cesar Neri ("Defendant Neri"), were served within the month. *See* Docs. 8-12.

After nine unsuccessful attempts to serve Defendants Morales and Neri by personal service

between August 9, 2016 and August 22, 2016, Plaintiff completed substitute service on

November 1, 2016 by leaving a copy of the complaint and summons with Genaro Martinez, an

adult residing in the same resident as Defendants Morales and Neri. Docs. 31, 32. Defendants

Morales and Neri have both failed to file an answer or make any kind of appearance in this

action.

On June 2, 2017, Plaintiff filed a request for entry of default. Doc. 56. On the same date,

the Clerk of the Court entered default pursuant to Federal Rule of Civil Procedure 55(a). Doc.

57. On June 16, 2017, Plaintiff filed a motion for default judgment. Doc. 58. Defendants Morales

and Neri have filed no opposition. For the following reasons, Plaintiff's motion will be granted.[1]

## II. Background

Plaintiff's complaint alleges, and the Court accepts the allegations as true, as follows:

Defendant [] Morales [], an individual, resides in Merced, CA, within the
jurisdiction of this Court, and at all relevant times was an employee of and crew
leader for X-Treme Ag and [Isabella] Camacho. [] Morales at all relevant times
performed [farm labor contractor] [("FLC")] activities, including recruiting,
soliciting, hiring, furnishing, and transporting migrant and seasonal agricultural
workers, and as such is an FLC under MSPA § 3(7), 29 U.S.C. § 1802(7).

Complaint, Doc. 1 ("Compl.") at ¶ 11.

Defendant Cesar Neri, an individual, resides in Merced, CA, within the
jurisdiction of this Court, and at all relevant times was an employee of X-Treme
Ag and Camacho. Defendant Neri at all relevant times performed FLC activities,
including transporting migrant and seasonal agricultural workers, and as such is
an FLC under MSPA § 3(7), 29 U.S.C. § 1802(7).

*Id*. at ¶ 12.

"In or around June 2015," Defendants Morales "organized the transportation" of field

workers in vehicles driven by Defendant Neri and others. *Id.* at ¶ 15. Defendant Neri did not

have a driver license. *Id*. The workers were charged approximately $10.00 per day for

transportation to and from the worksites. *Id*.

On June 18, 2015, Defendant Morales instructed Enrique Franco, a field worker she had

---

[1] On September 21, 2017, Defendants Isabella Camacho and X-Treme Ag Labor, Inc., filed a notice of filings of
bankruptcy. Pursuant to 11 U.S.C. § 362(a) all actions against a defendant who has filed a bankruptcy petition are
automatically stayed once the petition is filed. *Sternberg v. Johnston*, 559 F.3d 937, 943 (9th Cir. 2010).  However, a
suit against a co-defendant is not automatically stayed by the debtor's bankruptcy filing. *In re Miller*, 262 B.R. 499,
503 (9th Cir. 2001). Proceedings against Defendants Camacho and X-Treme Ag are stayed. Proceedings continue
against all other defendants.

recruited to work for Valley Garlic, to drive himself and seven other employees from Merced to the Valley Garlic worksites in Gilroy, and back to Merced again, in a white Chevrolet van owned by and registered to Neri. Compl. at ¶ 16. Franco did not have a valid driver's license. *Id*. at ¶ 16. Franco drove himself and seven other workers as instructed on June 18, 19, and 20, 2015. *Id*.

On the return trip from Gilroy to Merced on June 20, 2015, Franco fell asleep at the wheel and lost control of the vehicle on California State Highway 152 between Los Banos and Chowchilla. Compl. at ¶ 17. The vehicle crashed and rolled over multiple times, ejecting six passengers from the vehicle. *Id*. Three workers died on site and one died less than a week later from injuries sustained in the accident. *Id*. Franco and the remaining three passengers sustained non-fatal injuries. *Id*.

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

///

///

Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)).

A party's default conclusively establishes that party's liability, but it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating that although a default established liability, it did not establish the extent of the damages). If a plaintiff proves entitlement to default but does not prove the full extent of damages due, the court can enter partial default judgment. *See Dreith v. Nu Image, Inc.,* 648 F.3d 779, 781 (9th Cir.2011) (mentioning in approval that "... the district court entered default judgment against [the defendant] with respect only to liability, but deferred ruling on damages pending further briefing and evidentiary submissions."); *Sprint Nextel Corp v. Welch*, 2014 WL 68957, *2 (E.D. Cal. Jan. 8, 2014) *adopted by* 2014 WL 2106683 (E.D. Cal. May 20, 2014).

## IV. Discussion

## A.    Service of Process and Jurisdiction

Service of process against Defendants was adequate. Defendants not an infant, incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Service was made by a copy of the summons and complaint at Defendant Morales and Neri's dwelling (one copy each) with a person above the age of eighteen who resided there. *See* Fed. R. Civ. P. 4(e)(2)(B); Docs. 31, 32.

Plaintiff alleges violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA")[2], 29 U.S.C. § 1801, et seq., against Defendants Morales and Neri. Compl. at ¶¶

---

[2] The Migrant and Seasonal Agricultural Worker Protection Act is also called the MSPA, *see, e.g., Alpha Services, LLC v. Perez*, 681 Fed.Appx. 584, 586 (9th Cir. 2017); Doc. 58-1, and the MSAWPA, *see, e.g., Sandoval v. Rizzuti Farms, Ltd*, 656 F.Supp.2d 1265 1268-1269 (E.D. Wash. 2009) . For the sake of consistency with prior orders, this court continues to refer to it as the AWPA.

4

24, 27, 29. The allegations in the complaint are sufficient to establish subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331.

**B.     The Eitel Factors**

Having considered the *Eitel* factors as discussed below, the Court finds that partial default judgment is appropriate as to Plaintiff's claims and that Plaintiff has proven entitlement to a specific liquidated damages amount. Plaintiff has also proven that punitive damages are due but has failed to provide evidence from which the Court can determine a specific punitive damages amount.

**1.     Possibility of Prejudice to Plaintiff**

First, *Eitel* requires that the Court consider whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc*., 238 F. Supp. 2d at 1177. Here, Plaintiff would face prejudice if the Court did not enter a default judgment. Absent entry of a default judgment, Plaintiff would be unable to enforce the AWPA and prevent unlawful FLC activity as he is required to do. *See* 29 U.S.C. §1801; Doc. 29 at 16-17. Accordingly, the first *Eitel* factor favors the entry of default judgment.

**2.     Substantive Merits and the Sufficiency of the Complaint**

The Court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint—the second and third *Eitel* factors—together because of the relatedness of the two inquiries. As seen below, the Court finds that Plaintiff's claims have been sufficiently plead and have substantive merit. These two factors thus weigh in favor of granting Plaintiff's motion. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc*., 238 F. Supp. 2d at 1175.

**i. AWPA Motor Vehicle Safety Requirement**

The AWPA places a motor vehicle safety requirement on any FLC who uses or causes to be used any vehicle for transportation of workers. 29 U.S.C. § 1841(b). Those requirements include ensuring "that each driver has a valid and appropriate license … to operate a vehicle," 29 U.S.C. § 1841(b)(1)(2); 29 C.F.R. § 500.100(a), and ensuring that "[d]oor handles and latches … be provided and maintained to allow exiting capability for vehicle occupants," 29 C.F.R. §

500.104.

A person is a FLC within the meaning of the AWPA when he or she "recruit[s], solicit[s], hir[es], employ[s], furnish[es], or transport[s] any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(6)-(7). Defendants Morales and Neri were both FLCs in June of 2015 when the auto accident giving rise to this action took place. Defendant Morales recruited workers and organized their transportation. *See* Compl. at ¶¶ 11, 15. Defendant Neri provided transportation to the workers recruited by Morales. *Id* at ¶ 15.

Defendants Neri and Morales both violated the AWPA motor vehicle safety requirement. Defendant Morales violated the safety requirement by causing workers to be transported by unlicensed drivers, Compl. at ¶ 15, in at least one vehicle with improperly functioning doors, *Id*. at ¶ 16. Defendant Neri violated the safety requirement by transporting workers without a driver license, *Id*. at ¶ 15, and by permitting Mr. Franco to transport workers in a van registered to Mr. Neri without a license, *Id*. at ¶ 16.

### ii. AWPA Prohibition On Operation As An Unlicensed FLC

The AWPA also prohibits FLCs from engaging "in any farm labor contracting activity, unless [he or she] has a certificate of registration from the Secretary" of Labor specifically authorizing him or her to conduct that farm labor contractor activity. 29 U.S.C. § 1811(a); *see* 29 C.F.R. § 500.40.

Defendants Morales and Neri conducted FLC activities without a certificate of registration from the Secretary of Labor authorizing them to do so. Compl. at ¶¶ 15-17.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Where a large sum of money is involved, entry of default judgment is disfavored. *Chanel, Inc. v. Gupton*, 2015 WL 1094849 (N.D. Cal. Mar. 2, 2015) (citing, *inter alia, Eitel*, 782 F.2d at 1472). However, where a Plaintiff seeks only injunctive relief, this factor does not weigh against default judgment. *SevenFriday AG v. Ancon Watches, Inc.*, 2016 WL 6246362, *2 (C.D. Cal.

Jan. 9, 2016) (citing *Area 55, Inc., v. Celeras LLC*, 2011 WL 1375307, *3 (S.D. Cal. Apr. 11, 2011).

Because Plaintiff seeks injunctive relief, this factor does not weigh against default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The court may assume the truth of well-pled facts in the complaint (except as to damages) following the clerk's entry of default, and Defendants have not appeared to dispute any such facts. Moreover, in filing for a preliminary injunction, the Secretary has submitted law enforcement records tending to confirm the truth of the Secretary's allegations. *See, e.g.*, Doc. 7-5. Thus, there is no likelihood that any genuine issue of material fact exists. *See Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor favors the entry of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

Upon review of the record before the Court, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiff completed substitute service of Defendants Morales and Neri with the summons and complaint with an individual who confirmed that the Defendants lived at the residence, informing Defendants that default was a possible consequence. Docs. 31, 32. Plaintiff also mailed a copy of the summons and complaint to Defendants Morales and Neri at the same address. *See* Doc. 88-2 at ¶¶ 4, 6. Moreover, Plaintiff took the additional step of serving the request for entry of default on Defendants on June 2, 2017. Doc. 58-2 at ¶¶ 13-14. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendants have not appeared in this action in the more than one year that it has been pending. There is no indication that Defendants' default is the product of excusable neglect. The sixth *Eitel* factor favors entry of default judgment.

///

### 6.      The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc*., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the Court is cognizant of the policy favoring decisions on the merits, a resolution on the merits is unavailable here because Defendants have not defended against this action.  This factor does not weigh against entry of default judgment.

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff has established liability on both counts, based on the allegations of its complaint, as required for entry of default judgment against Defendants.

### C. Injunctive Relief

The Secretary seeks permanent injunctive relief, enjoining Defendants Morales and Neri from (1) engaging in any FLC activity without a certificate of registration from the Secretary authorizing that FLC activity and (2) violating the vehicle safety requirements of the AWPA. The AWPA expressly authorizes the Secretary to seek and the Court to issue injunctive relief for violation of its provisions. 29 U.S.C. § 1852(a) ("The Secretary may petition any appropriate district court of the United States for temporary or permanent injunctive relief if the Secretary determines that this chapter, or any regulation under this chapter, has been violated.")

Now having established that Defendant Morales and Neri violated the AWPA, for the same reasons articulated when granting preliminary injunctive relief, the Court will make permanent the preliminary injunctive relief granted on October 18, 2016. *See* Doc. 29.

### V. Order

Based on the foregoing, the Secretary's motion for preliminary injunction will be GRANTED as follows: Ofelia Ramirez Morales and Cesar Neri are enjoined:

1.   from engaging in any FLC activity, including: (a) transporting, or directing the transportation of, migrant or seasonal agricultural workers; (b) or hiring, using, or

employing any person to transport migrant or seasonal agricultural workers; and

2. from using or causing to be used any vehicle for providing transportation to migrant or seasonal agricultural workers, without first: (a) ensuring that the vehicle used conforms to the safety standards prescribed by the Secretary and other applicable Federal and State safety standards; and (b) ensuring that each driver has a valid driver license.

This Court retains jurisdiction of this action for the purpose of enforcing this judgement.

IT IS SO ORDERED.

Dated:   August 23, 2017

_____

SENIOR  DISTRICT  JUDGE