1   JANET M. HEROLD
    Regional Solicitor
2   MARC A. PILOTIN (CSBN 266369)
    Counsel for Wage and Hour Litigation
3   JESSICA M. FLORES (CSBN 294060)
    Trial Attorney
4   UNITED STATES DEPARTMENT OF LABOR
    Office of the Solicitor
5   90 Seventh Street, Suite 3-700
    San Francisco, CA 94103
6   Telephone (415) 625-7769
    Fax (415) 625-7772
7   Flores.Jessica@dol.gov
    Pilotin.Marc.A@dol.gov

8

9

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

                           FRESNO DIVISION
12

13

14   R. ALEXANDER ACOSTA, Secretary of        Case No. 1:16-cv-01156-AWI-EPG
     Labor, United States Department of Labor,

15              Plaintiff,

16        v.                                   **CONSENT JUDGMENT AND ORDER AS
                                               TO DEFENDANTS VALLEY GARLIC,
17   VALLEY GARLIC, INC., dba SEQUOIA          INC.; CHRISTIAN BARRERE
     PACKING CO., a California corporation;    MARRIONE; AND DAVID <u>CLARK
18   CHRISTIAN BARRERE MARRIONE, an            ANDERSON</u>**
     individual; DAVID CLARK ANDERSON,
19   an individual; X-TREME AG LABOR,
     INC., a California corporation; ISABELLA
20   ALVAREZ CAMACHO, an individual;
     OFELIA RAMIREZ MORALES, an
21   individual; and CESAR NERI, an
     individual,
22
                Defendants.
23

24

25

26

27

28

Plaintiff R. Alexander Acosta, United States Secretary of Labor, and Settling Defendants Valley Garlic, Inc., dba Sequoia Packing Co.; Christian Barrere Marrione; and David Clark Anderson (collectively, "Settling Parties") have agreed to resolve the disputes between them in this civil action and consent to the entry of this Consent Judgment as provided below.

The Court has reviewed the consent judgment and finds that it is appropriately approved. *See United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 236 n.10 (1975) (Consent decrees "must be approved by the court.") A district court's "authority to adopt a consent decree comes only from the statute which the decree is intended to enforce," *System Fed'n No. 91, Ry. Emp. Dep't v. Wright*, 364 U.S. 642, 651 (1961), therefore it must find that the decree is "fair, adequate, and reasonable" in light of the statutory scheme to be enforced, *United States v. State of Oregon*, 913 F.2d 576, 580-581 (9th Cir. 1990). The Fair Labor Standards Act and Migrant and Seasonal Agricultural Worker Protection Act claims at issue in this action are designed to protect vulnerable workers. *See* 29 U.S.C. § 1801 (The purpose of the AWPA is to "assure necessary protections for" and prevent "activities detrimental to migrant and seasonal agricultural workers."); *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (The purpose of the FLSA is to protect workers from "substandard wages and oppressive working hours.") The United States recovers monetarily on behalf of those workers, has obtained civil penalties, and has obtained injunctive relief and ongoing enforcement authority, all in a manner consistent with the statutes at issue in this action. The following consent decree is fair, adequate, and reasonable.

## STATEMENTS BY THE PARTIES

A.    On August 5, 2016, the Secretary filed a complaint alleging that Defendants violated the Fair Labor Standards Act of 1938 (FLSA) and the Migrant and Seasonal Agricultural Worker Protection Act (MSPA). *See* Dkt. 1.

B.    The Settling Parties waive Findings of Fact and Conclusions of Law.

C.    This Consent Judgment is directed only to Defendants Valley Garlic, Marrione, and Anderson.

D.    Defendants Valley Garlic, Marrione, and Anderson admit that the Court has

jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Eastern District of California.

E.    Defendants Valley Garlic, Marrione, and Anderson acknowledge that they and any individual, agent, or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

F.    The Settling Parties agree to resolve all allegations and liability between them related to the events specified in the Secretary's Complaint. This Consent Judgment only resolves the liability of Defendants Valley Garlic, Marrione, and Anderson.

G.    Defendants Valley Garlic, Marrione, and Anderson agree to the entry of this Consent Judgment without contest.

H.    Defendant Valley Garlic agrees to pay the Secretary $45,900 in consideration of this settlement agreement and to resolve this case. Valley Garlic agrees that the Secretary may allocate these funds toward any purpose, agrees not to contest any assessment the Secretary makes in connection with these funds, and agrees to waive any procedural requirements that are required for the Secretary to make any assessment related to these funds. Defendant Valley Garlic will deliver to Assistant District Director Nora Pedraza, Wage and Hour Division, United States Department of Labor, 395 W. Spruce Ave., Suite 102, Clovis, CA 93611, a certified or cashier's check for $45,900 payable to "Wage & Hour Div., Labor" with "Valley Garlic Consent Judgment" on the memo line.

I.    Defendant Valley Garlic also agrees that it is jointly and severally liable for back wages due under MSPA and the FLSA, in the amount of $3,779.03, and liquidated damages under the FLSA, in the amount of $1,122.56, for the employees named in the attached Exhibit A as a result of their employment through X-Treme Ag and Isabella Camacho to perform work for Valley Garlic.

J.    The Secretary agrees to dismiss with prejudice his claims against Defendants Marrione and Anderson, who are Valley Garlic's General Manager and Field Supervisor, respectively.

K.     The Secretary and Defendants Valley Garlic, Marrione, and Anderson agree to bear his/its own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

## JUDGMENT AND ORDER

Therefore, upon motion of the attorneys for the Secretary, and for cause shown, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of the Secretary on his claims against Defendant Valley Garlic, Inc.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, the Secretary's claims against Defendants Christian Barrere Marrione and David Clark Anderson are dismissed with prejudice.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Valley Garlic is an agricultural employer that shall comply with the requirements of MSPA as they pertain to the workers Valley Garlic employs through its Farm Labor Contractors ("FLCs"). Valley Garlic shall also comply with the requirements of the FLSA with respect to these workers.

## I.     INJUNCTIVE RELIEF PROVISIONS

### A.     Prohibitions on Violating MSPA and the FLSA

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and Section 502 of MSPA, 29 U.S.C. § 1852, Defendant Valley Garlic, its officers, agents, servants, employees, successors and all persons in active concert or participation with it is permanently enjoined and restrained from violating MSPA and the FLSA in the manners identified below:

1.     Defendant Valley Garlic shall not, contrary to MSPA § 401(b)(1)(A)-(B), 29 U.S.C. §§ 1841(b)(1)(A)-(B), use or cause to be used vehicles for the transportation of migrant or seasonal agricultural workers while failing to (a) ensure that each driver providing transportation to migrant or seasonal agricultural workers has a valid and appropriate driver's license; or (b) ensure that motor vehicles used to transport migrant or seasonal agricultural workers conforms to MSPA's vehicle safety standards;

2.    Defendant Valley Garlic shall not, contrary to MSPA § 402, 29 U.S.C. § 1842, utilize the services of any farm labor contractor to furnish any migrant or seasonal agricultural worker unless Valley Garlic first takes reasonable steps to determine that the farm labor contractor possesses a certificate of registration that is valid and that authorizes the activity for which the contractor is utilized;

3.    Defendant Valley Garlic shall not, contrary to MSPA §§ 202(a) and 302(a), 29 U.S.C. §§ 1822(a) and 1832(a), fail to pay, when due, all wages owed to migrant and seasonal agricultural workers whom they employ;

4.    Defendant Valley Garlic shall not, contrary to MSPA §§ 201(d)(1) and 301(c)(1), 29 U.S.C. §§ 1821(d)(1) and 1831(c)(1), and 29 C.F.R. § 500.80, fail, with respect to each migrant and seasonal agricultural worker they employ, to make, keep and preserve records of the worker's payroll, address and social security information.  Valley Garlic may comply with this provision by requiring and ensuring that any FLC it retains complies with these provisions;

5.    Defendant Valley Garlic shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.  Valley Garlic may comply with this provision by requiring and ensuring that any FLC it retains complies with these provisions;

6.    Defendant Valley Garlic shall not fail to make, keep and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required by Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access. Valley Garlic may comply with this provision by requiring and ensuring that any FLC it retains complies with these provisions; and

7.    Defendant Valley Garlic shall not request, solicit, suggest, or coerce, directly, or

indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, MSPA or the FLSA; nor shall Settling Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this consent judgment, MSPA or the FLSA; nor shall Valley Garlic discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Valley Garlic or any FLC Valley Garlic retains under the provisions of this judgment, MSPA or the FLSA.

**B.    Mandatory Compliance Program**

To ensure its compliance with MSPA and the FLSA, Defendant Valley Garlic shall take the following steps identified below:

**1.    Ensure Workforce Has Access to Transportation Satisfying MSPA's Vehicle Safety Standards and Insurance Requirements**

To the extent Valley Garlic obtains the labor it requires for the planting, growing, and harvesting of its crops from Farm Labor Contractors ("FLCs"), Valley Garlic shall utilize only FLCs that have a Certificate of Registration from the U.S. Department of Labor authorizing transportation ("Transportation-Authorized FLCs"). Valley Garlic shall utilize such Transportation-Authorized FLCs to provide transportation to workers who need transportation to Valley Garlic's fields. Valley Garlic shall not use FLCs that are not transportation authorized ("Non-Transportation Authorized FLCs") to transport agricultural workers for Valley Garlic.

To facilitate compliance with this requirement, Valley Garlic shall provide to all workers provided by an FLC a notice specifying their rights under MSPA. A copy of the parties' agreed-upon notice is attached hereto as Exhibit B. Valley Garlic will distribute this notice when Valley Garlic contracts with an FLC and when Valley Garlic is notified of MSPA violations. Valley Garlic may comply with this provision by requiring and ensuring that any FLC it retains complies with these provisions.

To demonstrate compliance with these requirements, Valley Garlic shall provide an annual certification for the 2018, 2019, and 2020 garlic seasons, under penalty of perjury pursuant to 28 U.S.C. § 1746, to the Wage and Hour Division containing the following information:

1.     The identities of each of the FLCs Valley Garlic used for each phase of its garlic season, identified by name and FLC No. on the Certificate of Registration, including whether they each held for the season a Certificate of Registration from the U.S. Department of Labor authorizing transportation;

2.     For each FLC Valley Garlic retained for the garlic season,

   i.     The total number of workers provided for the season;

   ii.     The identity of each Farm Labor Contractor Employee ("FLCE") authorized to transport workers pursuant to a U.S. Department of Labor Certificate of Registration, along with the vehicle(s) driven by each such FLCE;

   iii.     The number of vehicles used by each FLC to transport workers.

### 2. Monitoring of Farm Labor Contractors

Valley Garlic shall monitor all FLCs to determine compliance with MSPA. Valley Garlic's monitoring shall be performed through following the steps identified below:

### a. Pre-Contracting Requirements

Before contracting with an FLC for services, Valley Garlic must:

1.     Obtain a list of all employees who will provide FLC Services[1] to Valley Garlic, including FLCEs;

2.     Obtain a list of all FLC supervisors, crew bosses/leaders, and forepersons (collectively, "Supervisors") for every crew, and the list shall identify Supervisors authorized to provide any FLC Services;

3.     Discuss worker transportation with any FLC and create and maintain a written plan for how the workers recruited and hired by the FLC will be transported to the fields. The

---

[1] FLC Services is "farm labor contracting activity" as defined by 29 U.S.C. §1802(6) "recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or seasonal agricultural workers."

written transportation plan must include at least:

        i.      Where employees are expected to be transported from and identify pick-up locations;

        ii.     Who will transport workers; and

        iii.    A requirement that a copy of a driver's Certificate of Registration be present and visible on each vehicle for inspection.

    4.    Create and maintain a log of all vehicles the FLC or its agents will use to transport workers to any field being planted, harvested, or maintained by Valley Garlic. Valley Garlic shall maintain this log and these records for three years, starting on the first day workers are provided to Valley Garlic's field sites. This log and these records shall be produced to the Secretary upon request. The log must include:

        i.      List of all vehicles (with make, model, year, passenger capacity and license plate number) to be used for worker transportation with applicable certificate of safety inspection for each vehicle;

        ii.     Copy of vehicle title;

        iii.    Copy of vehicle proof of insurance; and

        iv.    List of all drivers, copy of driver's license for each, and copy of current medical exam for each driver.

### b. Before Performance on Contracts for FLC Services

Before FLCs perform on any contract for Valley Garlic, Valley Garlic must:

    1.    Require each FLC to have each employee who will work at Valley Garlic's fields complete a form as part of the hiring process indicating whether the employee will require FLC-provided transportation to perform services to Valley Garlic. A copy of the form is attached as Exhibit C. Valley Garlic will maintain copies of these forms for a period of three years; and

    2.    Permit the Secretary to provide annual trainings on worker rights and protections under MSPA and the FLSA for all Valley Garlic quality control employees, and all of the FLCs' Supervisors for the next three seasons commencing after entry of this Consent Judgment.

        i.      Valley Garlic will require all of its quality control employees and FLC

1    Supervisors to attend this annual training.

2            ii.      Valley Garlic shall provide possible dates for this training to the DOL at

3    least 2 weeks in advance with the contact information of Valley Garlic's representative to call for

4    scheduling the training session.  Valley Garlic will arrange the location to hold these trainings.

5    Valley Garlic will provide possible dates to Assistant District Director Nora Pedraza at

6    Pedraza.Nora@dol.gov, and Wage and Hour Division, United States Department of Labor, 395

7    W. Spruce Ave., Suite 102, Clovis, CA 93611.

8                    **c.  During Performance of FLC Services**

9            During the performance of FLC services, Valley Garlic must:

10           1.      Require immediate or same-day notice from an FLC of any changes to the list of

11   employees who will provide any FLC Services for Valley Garlic;

12           2.      Require immediate or same-day notice from the FLC of any changes to whether

13   these employees are authorized to provide any FLC Services;

14           3.      Require immediate or same day notice from the FLC of any changes to the written

15   transportation plan;

16           4.      Require immediate or same day notice from the FLC of any changes to the list of

17   vehicles the FLC or its agents will use to transport workers;

18           5.      If a vehicle can carry seven or more passengers, the FLC and Valley Garlic will

19   have a duty to inquire of the passenger-workers (1) who arranged the ride, (2) whether they paid

20   for the ride, and, if so, the amount paid for the ride.  If a Valley Garlic or FLC Supervisor

21   arranged the ride, then Valley Garlic will record and maintain a log that includes: (1) Vehicle

22   make, model, year, passenger capacity and license plate number; (2) Copy of vehicle title; (3)

23   Copy of vehicle proof of insurance; (4) Name of driver and copy of driver's license; (5) Who

24   arranged ride; (6) Amount paid for ride.

25                    **d.  Random Auditing Program**

26           For a period of three years from the date of this Consent Judgment, Valley Garlic will

27   conduct at least five random and unannounced audits of each of its FLCs, to take place either

28   during the peak or end of the garlic season, except when a sixth audit is allowed below.  Such

audits will occur at the field locations where FLCs are providing the labor for Valley Garlic. Any FLC that has one or more crews with compliance issues during one of the five audits will be subject to a sixth random audit during that year. Valley Garlic must require its FLCs to cooperate with these audits.

Valley Garlic shall identify a team of people to perform the audit ("Audit Team") and permit the DOL to train this team with respect to the field auditing process and any related requirements. Valley Garlic shall bear the cost of this process. This field audit process will proceed as follows:

1.      On the day of an audit, the Audit Team will review the prior date's time records to identify all contractors/crews performing work.

2.      For each crew performing work, the Audit Team will interview (a) 3 employees for every crew with fewer than 20 workers; (b) 4 employees for every crew with 20-40 employees; and (c) 5 employees for every crew with 40 or more workers. The workers will be interviewed away from the presence of their Supervisor and will be asked the following:

a.      How did the worker get to the work location?

i.      If by a common carrier (*e.g.*, public transportation), what is the name of the common carrier (*e.g.*, public transportation agency)?

ii.     If by any other means, what is the name of the driver who transported the worker to the work location and what is his/her position (employee v. supervisor)?

b.      How many co-workers were transported with you to the work location?

c.      How much did you pay as a fare or fee, if applicable?

d.      What is your base rate of pay?

e.      When is your regular pay day?

3.      If any employees were transported by a Supervisor, an audit of that person will be conducted, with the following documents requested from that person:

a.      Valid state and federal farm labor contractor license with transportation endorsement;

b. Valid driver's license;

c. Doctor's certificate, as specified by 29 C.F.R. § 500.105(b)(1)(ii)(I);

d. Proof of insurance; and

e. Vehicle inspection sticker.

4. The auditor will visually inspect the work area for any vehicles that can transport 7 or more passengers and determine the vehicle's driver. If the driver is deemed to meet the definition of a farm labor contractor or farm labor contractor employee, then an audit of the driver will be conducted following Step 3 above.

5. If the audit reveals any transportation arrangement that does not comply with MSPA, on the same day of the audit, Valley Garlic will provide each FLC and FLC Supervisor a written notice, attached hereto as Exhibit B, instructing the FLC and FLC Supervisor on how to become and remain in compliance with MSPA. The notice shall also set a deadline, not to exceed seven days, to come into compliance with MSPA. No worker shall return home through a transportation arrangement that does not comply with MSPA. To the extent the audit reveals any MSPA violations based on an FLC's failure to hold a Certificate of Registration authorizing transportation or FLCE authorization to drive, the Department of Labor agrees not to cite Valley Garlic and/or the FLC for such a violation so long as the FLC or FLCE submits an application to become transportation-authorized the following business day. Valley Garlic will maintain a list of all FLCs and its Supervisors that it provided said notice (Exhibit B ) and deadline.

6. Within two days of the completion of any audit, the Audit Team shall inform Valley Garlic and the Wage and Hour Division of the audit's results, including any MSPA compliance issues revealed through the audit and recommended corrective actions.

7. Within three days of being notified of any MSPA compliance issues, Valley Garlic shall notify the Wage and Hour Division of its plan to cure any such issues. Valley Garlic's plan must eliminate all compliance issues within one week of the date of the plan.

8. Any and all records created during the audits shall be maintained for a period of three years and made available to representatives of the Department of Labor upon their request. Valley Garlic shall cooperate with the Department of Labor with respect to the Department's

monitoring of this Random Auditing Program.

### 3. Recordkeeping and Notice Requirements

1.      Valley Garlic and its FLCs shall provide a written disclosure to each worker recruited or hired by the FLC regarding any fees charged for the workers' transportation. Each worker must sign and date this disclosure upon receipt, and a copy must be provided to Valley Garlic. Valley Garlic shall maintain copies of these disclosures for three years and provide them to the Department of Labor upon request.

2.      Valley Garlic and its FLCs must provide a written notice, in English and Spanish, in any vehicle used by the FLC or any of its agents to transport workers to the fields stating that the workers may report any concerns regarding unsafe vehicles or drivers to the Department of Labor or California Division of Labor Standards Enforcement.  The notice shall include employee rights and protections from retaliation.  Valley Garlic shall maintain copies of these notices for five years and provide them to the Department of Labor upon request.

3.      Valley Garlic shall maintain a log of all vehicle and driver safety complaints received from any employee, and all efforts to correct vehicle or driver safety complaints, and shall produce these records to the Department of Labor upon request.

4.      Valley Garlic must maintain, and preserve for at least three years, payroll information for all workers, including address information as required under 29 U.S.C. §§ 1821(d)(1), 1831(c)(1) and 29 C.F.R. 500.80.  Valley Garlic may comply with this provision by requiring and ensuring that any FLC it retains complies with these provisions.

## II.    **MONETARY PROVISIONS**

1.      **IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Valley Garlic is jointly and severally liable for payment of $3,779.03, which represents the back wages hereby found to be due for the covered periods under MSPA and the FLSA, and liquidated damages under the FLSA, in the amount of $1,122.56, to the employees named in the attached Exhibit A in the amounts set forth therein.

2.      **IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Valley Garlic shall pay to the Secretary $45,900 in consideration of this settlement

1    agreement and to resolve this case.

2          3.    **JUDGMENT IS THEREFORE HEREBY ORDERED** in the amount of

3    $50,801.59 against Defendant Valley Garlic and in favor of the Plaintiff, Secretary of Labor.

4          4.    Within 30 days of the entry of this Consent Judgment, Defendant Valley Garlic

5    shall deliver to Assistant District Director Nora Pedraza, Wage and Hour Division, United States

6    Department of Labor, 395 W. Spruce Ave., Suite 102, Clovis, CA 93611, a certified or cashier's

7    check for $45,900 payable to "Wage & Hour Div., Labor" with "Valley Garlic Consent

8    Judgment" on the memo line.

9          5.    If Defendants X-Treme Ag and Isabella Alvarez Camacho default on their

10   obligation to make payment for the back wages and liquidated damages identified in ¶ II.1 above,

11   within 7 days of notice of that default by the Secretary, Defendant Valley Garlic shall deliver to

12   Assistant District Director Nora Pedraza, Wage and Hour Division, United States Department of

13   Labor, 395 W. Spruce Ave., Suite 102, Clovis, CA 93611, a certified or cashier's check for

14   $4,901.59 payable to "Wage & Hour Div., Labor" with "Valley Garlic Back Wages and

15   Liquidated Damages" on the memo line.

16   **III.    MISCELLANEOUS PROVISIONS**

17         1.    The filing, pursuit, and/or resolution of this proceeding with the filing of this

18   Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the

19   FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to

20   any employee named on Exhibit A for any period not specified therein, nor as to any employer

21   other than Settling Defendants X-treme Ag or Camacho.

22         2.    Each party shall bear all fees and other expenses (including court costs) and

23   attorneys' fees that might be available under the Equal Access to Justice Act incurred by such

24   party in connection with any stage of this proceeding to date.

25         3.    Nothing in this Consent Judgment and Order is binding on any government

26   agency other than the United States Department of Labor, Wage and Hour Division.

27   ///

28   ///

4.     This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated:   April 2, 2018                    _____

SENIOR  DISTRICT  JUDGE